## COHN vs. BLUMENBURG.

*Fourth District Court for San Francisco Co., Feb. T.,* 1858.

DEMURRER—SLANDER—CHARGE OF LARCENY.

An allegation in a complaint in an action for slander, that defendant "with *intent* to cause it to be believed, &c., that plaintiff had been guilty of the crime of *larceny,* said of plaintiff that "He is a thief. He sold tickets for me and stole the money," *or* "converted the proceeds to his own use," *or* "converted the proceeds,". held sufficient upon demurrer.

Upon demurrer to six out of eight counts in a complaint for slander; the second, third and fourth counts charged defendant with saying of plaintiff " with intent to cause it to be believed * * * that plaintiff had been guilty of the crime of larceny, * * * ' He is a thief. He sold tickets for me and converted the proceeds to his own use.' ' He is a thief. He sold tickets as my agent and converted the proceeds to his own use.' ' He is a thief; he sold tickets for me and stole the money.' " The sixth, seventh and eighth counts allege the publishing of the same words of plaintiff in his profession. Demurrer on the ground that the words as laid " do not charge the plaintiff with the crime of larceny "; defendant contending that they disclose only a breach of trust.

*Harmon* & *Labatt,* for plaintiff.

*J. B. Hart,* for defendant.

HAGER, J.—This is a demurrer upon the ground that the words charged do not accuse plaintiff of the crime of larceny. I think, however, the allegations in some of the counts are sufficient. Whether under our statute concerning crimes and punishments they do not amount to a charge of larceny, I deem it unnecessary to consider very fully. It is alleged that they were spoken with *intent* to cause it to be believed that plaintiff was guilty of the crime of larceny, and I think that this averment obviates the objection that they do not really make the charge. It is also to be observed that each count charges the speaking of the express words, " He is a thief," and whether, even

if unaccompanied by the allegation concerning the intent of the defendant at the time of the speaking, the subsequent portion of the charge so far modifies these words as to deprive them of the effect which they would receive if alone, may admit of question. However, in view of the averment with respect to the intent with which they were uttered, I think that some of the counts demurred to are sufficient. The complaint is very badly drawn—containing eight separate counts where one would be sufficient, and covering some sixteen pages of paper instead of one or two, which would have been sufficient. One of the objects of the *code* is to relieve the parties and the courts from considering such complaints and other pleadings as the old system required, and of which this may be regarded as an example. The first and fifth counts each charge defendant with calling plaintiff " a thief," and this simple allegation, under our system, is all that is required in order to introduce the same, and as much proof as can be brought in under the eight counts in this complaint.

This fact also makes the question of the demurrer pretty much immaterial, for even if it were sustained, the first and fifth counts contain all that is necessary as a cause of action.

If the defendant had drawn his demurrer to each count separately, instead of to the six collectively, I would probably have sustained it as to most of the counts, but as it is, if any one count demurred to is good, the demurrer cannot be sustained. In the form in which it is drawn it must be sustained or overruled as an entirety.

Demurrer overruled, with leave to answer, &c.